[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13439
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2010
JOHN LEY
ACTING CLERK

D.C. Docket No. 07-02351-CV-ODE-1

MICHAEL BLACKWELL,
JIMMY WILLIAMS,

　　　　　　　　　　　　　　　　　　　　Plaintiffs-Appellants,

versus

UNITED DRYWALL SUPPLY,
CRAIG C. CHENGGIS,

　　　　　　　　　　　　　　　　　　　　Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 20, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Michael Blackwell and Jimmy Williams were employed by United Drywall Supply ("United Drywall"), a company owned by Craig C. Chenggis. United Drywall is a Georgia company that sells and delivers drywall to construction contractors within Georgia. Blackwell and Williams were drivers of boom trucks that delivered drywall to construction job sites. In September 2007, they sued United Drywall and Chenggis pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("the Act").[1] Plaintiffs alleged that, from 2002 forward, Defendants intentionally violated the Act by failing to pay them properly for overtime. (R.1-2.) Plaintiffs further alleged that, in 2007, "as a result of an investigation by the United States Department of Labor involving allegations of the improper payment of overtime compensation to its laborer employees, [United Drywall] made payments to various employees for past due overtime compensation." (R.1-2 ¶17.) Plaintiffs alleged that Defendants retaliated against Williams for his complaints to the Department of Labor regarding overtime violations.[2] (R.1-2 ¶¶27-29.) And, Plaintiffs alleged that the payments made as part of the Department of Labor supervised settlement were "far lower than

_____

[1]The original complaint also named Raymond Dunnigan as a Plaintiff. Before Defendants answered that complaint, a First Amended Complaint naming only Blackwell and Williams was filed. The district court docket sheet indicates that Dunnigan's participation in the case was terminated on November 5, 2007.

[2]Blackwell left Defendants' employ in April 2007, but Williams remained employed by Defendants.

2

what the employees were legally due." (R.1-2 ¶18.) They sought allegedly unpaid overtime compensation for three years before the filing of the complaint and attorney's fees and expenses pursuant to § 216 of the Act.

Defendants answered the First Amended Complaint and discovery was conducted. Then, Defendants moved for summary judgment, arguing, among other things: (1) that Plaintiffs had waived their right to sue under the Act when they cashed checks from United Drywall pursuant to the 2007 settlement between the parties supervised by the Department of Labor, and (2) that Plaintiffs are exempt employees under the Motor Carrier Exemption in the Act ("the Exemption") and therefore are not entitled to back pay pursuant to the Act. Plaintiffs opposed the motion, arguing that there were genuine issues of fact regarding whether they had knowingly waived their rights to sue and whether the Exemption applied.

After considering arguments and evidence from both sides, the district court granted Defendants' motion for summary judgment. The court held that, because Plaintiffs had received Department of Labor form WH-58 (which contained a statement that if Plaintiffs accepted the back wages provided in conjunction with the form, they would give up their rights to bring suit under the Act) and because Plaintiffs had cashed the checks provided in conjunction with the WH-58 forms, Plaintiffs had waived their rights to sue Defendants for the payments they sought

under the Act. (R.4-87.) The court entered judgment for Defendants. (R.4-88.) Plaintiffs appeal the judgment.

Plaintiffs argue that the district court erred in finding waiver because Plaintiffs did not knowingly and intentionally waive their rights to sue. They argue that the WH-58 form provided to them by the Department of Labor is ambiguous and did not put them on notice that, by cashing the checks, they would waive their rights to sue for additional back pay. Defendants argue that the district court correctly found waiver and that the judgment can be supported on the additional ground that the Exemption applies to bar Plaintiffs' claims. In their reply brief, Plaintiffs respond that affirmance of the judgment based on the Exemption would not be proper because the Exemption is not applicable to Defendants' business as a matter of law or, in the alternative, there are genuine issues of material fact regarding the application of the Exemption.

We affirm the judgment. We find no error in the district court's holding "that receipt of a WH-58 form and cashing of the employer's check is sufficient to effect a waiver of the right to sue under the FLSA." (R.4-87 at 12.) There is no dispute that Plaintiffs received WH-58 forms in connection with the checks written by United Drywall and given to Plaintiffs by the Department of Labor as part of the supervised settlement between United Drywall and its employees. Those forms are receipts for

4

payment of "unpaid wages, employment benefits, or other compensation due . . . for the period up to and including 05/20/2007[3] . . . under . . . The Fair Labor Standards Act . . . ."  (Appellants' Br. Addendum A.) They contain this language:

> NOTICE TO EMPLOYEE UNDER THE FAIR LABOR STANDARDS ACT – Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of that Act.

(*Id.*)  The WH-58 forms then proceed to describe the types of recovery and statutes of limitations under § 16(b) of the Act.  We agree with the district court that these forms unambiguously informed Plaintiffs that, if they cashed the checks provided with the forms, they would be waiving their rights to sue for back pay.  And, there is no dispute that Plaintiffs cashed the checks.  Therefore, the district court correctly determined that "both Plaintiffs have waived their right to sue." (R.4-87 at 12.)

---

[3]Back pay after this date is not at issue in this case.  Instead, Plaintiffs contend that the payments made in the supervised settlement did not represent all the back pay they were due, up to and including May 20, 2007.

As stated earlier, Blackwell's employment with Defendants ended in April 2007.  And, Plaintiffs have not argued, in the district court or in this court, that a waiver would not apply to bar any claims Williams had for uncompensated overtime worked after May 20, 2007.  Therefore, we consider that argument abandoned.  "As a general rule, we will not address issues or arguments on appeal that were not fairly presented to the district court." *Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir. 2006) (citing *Dupree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991)).  And, "[i]t is well settled in this circuit that an argument not included in the appellant's opening brief is deemed abandoned." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972 (11th Cir. 2008) (citing *Asociacion de Empleados del Area Canalera v. Panama Canal Comm'n*, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006)).

5

Affirming the judgment on waiver grounds, we do not address the parties' arguments regarding application of the Exemption.

AFFIRMED.